[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11875

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVON KEITH HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cr-00258-WWB-DCI-1

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Kevon Holmes is serving time in prison for a variety of drug offenses and seeks to be let out early to care for his aging grandmother. Because Holmes failed to demonstrate that an extraordinary and compelling reason required that his sentence be shortened, the district court denied his request for compassionate release. We agree, and therefore affirm.

**I.**

Holmes pleaded guilty to nine drug- or firearm-related offenses, having been caught selling over 100 grams of heroin and fentanyl to confidential informants during seven controlled purchases. As a result, he was sentenced to 103 months in prison followed by four years of supervised release.

Holmes is now about three-quarters of the way through his incarceration, but still has almost two years in prison and a four-year term of supervised release left to go. He nonetheless asks to be let out early. He says that his grandmother is ailing and cannot care for herself, and that he is her only available caretaker. So he asked the district court for compassionate release to allow him to look after her.[1] Holmes described a long list of conditions his

---

[1] Before the district court, Holmes also argued that his troubled childhood supported a sentence reduction and that a sentencing enhancement for

grandmother suffers from, including congestive heart failure, hypertension, shortness of breath, pain, and confusion. In support, Holmes submitted some of her medical records, as well as a letter from his grandmother that said that he was her only available caretaker because his mother and half-brother had "severe alcohol dependency issues."

The district court denied Holmes's request. He had both failed to demonstrate that his grandmother was incapacitated and that he was her only possible caretaker, the court concluded. Because he had not shown his eligibility for compassionate release based on extraordinary and compelling circumstances, the district court declined to address the other factors that would go into the discretionary decision of whether to grant his request.

## II.

We review de novo a district court's determination of whether a prisoner is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). "After eligibility is established, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion." *Id.*

## III.

To have his request for compassionate release granted, Holmes would need to show that (1) "extraordinary and

possessing a firearm while committing the offenses violated the Second Amendment. He does not make either argument on appeal.

compelling reasons" required it, (2) granting it would be "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors support it. 18 U.S.C. § 3582(c)(1)(A); *Giron*, 15 F.4th at 1346. But because a prisoner must make all three showings to prevail, "a district court need not analyze the § 3553(a) factors if it finds" that the prisoner failed to demonstrate an extraordinary and compelling justification for early release. *Giron*, 15 F.4th at 1347. The relevant policy statement from the Sentencing Commission explains that such a reason exists if an "immediate family member" suffers from "incapacitation" and the prisoner is "the only available caregiver." U.S. Sentencing Guidelines § 1B1.13(b)(3)(D) (Nov. 2024).

Holmes argues that the district court erred in denying him early release because his grandmother's need for care demonstrated an extraordinary and compelling reason. He further contends that the district court improperly failed to consider the § 3553(a) sentencing factors. We disagree.

Holmes failed to carry his burden of establishing that "extraordinary and compelling reasons warrant" his early discharge. 18 U.S.C. § 3582(c)(1)(A)(i). To start, he did not show that his grandmother is unable to care for herself. He did not submit testimony from a doctor or other medical professional stating that she needed extensive assistance. Nor does the list of conditions he provided necessarily demonstrate that she is incapacitated. *See* U.S.S.G. § 1B1.13(b)(3)(D). And the medical records Holmes attached tell a somewhat different story. For

24-11875                Opinion of the Court                5

example, they say that her congestive heart failure is "well compensated," she was "[f]eeling fine," and she suffered from "[n]o dizziness and no fainting."

Moreover, the record fails to demonstrate that no one else could provide care for Holmes's grandmother. Although alcoholism ruled out his mother and half-brother, Holmes never explained why other relatives were unable to assist. As the district court noted, the record at his trial contained "multiple references to cousins, uncles, and other family members, including maternal relatives," in the area. Indeed, his own compassionate-release motion established that "most" of his mother's family lived nearby.

Because the district court properly concluded that Holmes had not established his eligibility based on "extraordinary and compelling reasons," it did not need to address the other compassionate release factors. *Giron*, 15 F.4th at 1347–48. Nor did the district court err in not choosing to hold an evidentiary hearing on its own initiative—a step that Holmes never even asked for. *United States v. Long*, 674 F.2d 848, 855–56 (11th Cir. 1982).

⋆      ⋆      ⋆

We sympathize with the health challenges that Holmes's grandmother is facing, but that sympathy alone is not enough to meet the statutory requirements set out in § 3582(c)(1)(A). On this record, Holmes has failed to demonstrate his eligibility for compassionate release, so we **AFFIRM** the district court's order denying his request.